THE MARGARET B. ROPER.

(Circuit Court of Appeals, Fourth Circuit. November 6, 1901.)

No. 392.

COLLISION—SAILING VESSELS CROSSING—REVIEW OF FINDINGS ON APPEAL.
    Findings of fact made by a court of admiralty, which were determinative of the question of fault for a collision at sea between two sailing vessels, considered and affirmed on appeal.

Appeal from the District Court of the United States for the District of South Carolina.

For former opinion, see 103 Fed. 886, and 106 Fed. 740.

C. V. Meredith and J. N. Nathans, for appellant.

J. P. K. Bryan and Robert M. Hughes (Wm. H. White, on the brief), for appellee.

Before GOFF and SIMONTON, Circuit Judges, and MORRIS, District Judge.

PER CURIAM. This is a case of collision between two three-masted schooners in the nighttime, December 26, 1899, on the Atlantic Ocean, about 25 miles northeast from Cape Hatteras. The question of fault depended upon which of these two sailing vessels was under the obligation to keep out of the way of the other. Under article 17, International Rules for Preventing Collisions at Sea, Aug. 19, 1890 (1 Supp. Rev. St. 781), and Proclamation of the President, Dec. 31, 1896 (29 Stat. 885), their respective rights and duties

depended upon which was closehauled and which was sailing free, and the finding of that fact depended upon the direction of wind, as to which there was irreconcilable conflict of testimony.

The libelant's vessel was so injured that she sank in about 40 minutes, but her crew were all rescued by the claimant's vessel, and at the hearing the masters and crews of both vessels were examined, and testified in the presence of the court, as did also the independent witnesses, whose testimony tended to establish the direction of the wind.

The experienced district judge before whom the case was tried, as appears from the opinion filed by him, gave it even more than his usual careful attention, and in his opinion examines and discusses the testimony and the pivotal facts and the surrounding circumstances with painstaking analysis. 103 Fed. 886. He comments upon the impression made by the witnesses in respect to intelligence and apparent truthfulness, and upon their opportunities of knowing the facts they undertake to state. He finds in the result that the libelant failed to establish the facts which would cast the fault of the collision upon the claimant; and, further, he finds affirmatively that the preponderance of credible testimony and the inherent probabilities to be deduced from the angle at which the vessels collided, and the nature of the blow and its consequences, lead to the conclusion that the claimant's vessel was closehauled on the starboard tack, and that the libelant's vessel was either running free or was closehauled on the port tack, in either of which cases the obligation rested upon the libelant's vessel to keep out of the way.

We have gone over the record with care, and, notwithstanding the very able and closely reasoned argument and briefs of the learned counsel for the appellant, we are satisfied that the conclusions of the district judge are well founded. The argument of the appellant's counsel, based upon the probable course and location of the claimant's vessel at points on her voyage from New York along the coast, may, perhaps, raise a doubt as to some of her master's testimony, but is not sufficient to overcome the many probative facts and circumstances immediately connected with the collision, upon which the district judge rightly, as we think, based his conclusions.

The case involves solely findings of fact, and it would serve no useful purpose to discuss the testimony, which is clearly and fairly set out in the opinion filed in the district court.

The decree is affirmed.